FRATERNAL UNION OF AMERICA v. JOEL G. HURLOCK.

Decided June 13, 1903.

**Custom—Fraternal Insurance—Monthly Payments—Forfeiture—Waiver.**

Proof that the local secretary of a fraternal insurance order in two instances permitted a member of two years' standing to pay delinquent monthly assessments without complying with the required conditions for reinstatement, while he enforced the rules against all other members, was not sufficient to show a custom, binding on the order, to receive assessments tendered after the time of payment, in the absence of any evidence showing that the superior officers of the order knew of such violation of the rules.

Appeal from the District Court of Navarro. Tried below before Hon. L. B. Cobb.

*Simkins & Mays,* for appellant.

*W. J. Weaver, Ballew & Wheeler,* and *Callicutt & Call,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—On November 7, 1899, the Fraternal Union of America, a mutual fraternal insurance order, issued a benefit certificate to Mrs. Rebecca Nelson whereby it contracted to pay her nephew, Joel G. Hurlock, the sum of $600 upon her death while a member in good standing of the order. The certificate required the payment of monthly assessments, and it was provided by the laws of the order that a failure to pay such assessments should operate as a forfeiture of the insurance. Mrs. Nelson died on June 23, 1901, without having paid the May assessment. Liability was denied by the insurer, and the beneficiary thereupon brought suit on the certificate. The defendant pleaded the said provisions of the certificate and laws of the order and the failure to pay the said assessment in bar of a recovery. The plaintiff pleaded a tender of the assessment within the time allowed by the certificate and laws of the order for the payment thereof, and that, if the tender was made after the expiration of the time allowed, the order was bound to accept the tender for the reason that it was the custom of the collecting agent of the order to receive assessments tendered after the time allowed for paying the same had expired. There was a trial by jury which resulted in a judgment for plaintiff.

The court instructed the jury that the plaintiff was entitled to recover if payment of the assessment was tendered within the time allowed by the laws of the order, or in accordance with the alleged custom. Appellant insists that the evidence wholly failed to show a custom that would be binding on the order, and that the court erred in submitting that issue to the jury. Under the laws of the order the assessment for each month could be paid by the member at any time during that month. If not paid during the month, the member became delinquent, and could be reinstated only upon complying with certain

conditions. The secretaries of the local lodges were collecting agents of the order, and had no authority to waive the said conditions. It was shown that the September, 1900, assessment was paid by Mrs. Nelson on October 12, 1900, and that the receipt for her December, 1900, assessment was issued on March 13, 1901. It was also shown that these assessments were received without her being required to comply with the conditions prerequisite to a lawful reinstatement. It appears that the rules were enforced against all other members of the lodge who became delinquent. The laws of the order, including the rules governing the reinstatement of delinquent members and those limiting the authority of the collecting agent, were known to the assured and to the beneficiary. It was not shown that the supreme lodge, the offices and headquarters of which were located at Denver, Colo., had any notice whatever of the violation, by the secretary of the local lodge to which Mrs. Nelson belonged, of the laws of the order concerning the reinstatement of delinquent members.

The evidence does not show a binding custom. Considering the total number of assessments paid by Mrs. Nelson, the fact that two of them were received after the time allowed for paying the same had expired did not justify her in assuming that the future assessments would be received after the time allowed for payment had elapsed. There was nothing in the circumstances attending the deferred payments to warrant such assumption, and the bald fact that the two assessments were accepted after the time allowed for payment had expired does not. Indeed, it is not clear that the December, 1900 assessment, if it was ever paid in fact, was not paid at maturity. There was evidently some mistake in regard to that assessment. If there was any waiver it was by an agent without authority to make it and whose want of authority was known to the assured. We refrain from entering upon a discussion of the vexed question as to when the acts of such agent are binding on his principal. It is sufficient to say that when an implied waiver by such agent is relied on to estop his principal, the waiver must be established by more cogent proof than has been adduced in this case. The proof was not sufficient to authorize the submission of the issue to the jury, and we can not say that the error was harmless. The insurance was forfeited by the failure to pay the May assessment, unless payment of that assessment was tendered by the assured within the time allowed by the laws of the order. The evidence was sharply conflicting on that issue, and the jury may have found that payment of the assessment was not tendered within the prescribed time, and based their verdict on the theory that the tender in June was good under the alleged custom. It is significant that the evidence offered by the plaintiff to show a tender in May indicates that the assured did not in fact rely on the custom of the secretary to accept payment after the member had become delinquent.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*